IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | : |
| Plaintiff, | : CIVIL ACTION NO.: |
| v. | : |
| FIG SOLUTIONS LIMITED, INC. | : |
| Defendant. | : |

**COMPLAINT FOR PERMANENT INJUNCTION,
CIVIL MONETARY PENALTIES, AND OTHER EQUITABLE RELIEF**

Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC"), by its attorneys, alleges as follows:

### I. SUMMARY

1. On October 18, 2010, the CFTC enacted new regulations implementing certain provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank") and the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), with respect to off-exchange foreign currency ("forex") transactions. Pursuant to Section 2(c)(2)(C)(iii)(I)(aa) of the Commodity Exchange Act ("the Act"), as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), an entity must be registered if they want to solicit or accept orders from a non-Eligible Contract Participant ("ECP") in connection with forex transactions at a retail foreign exchange dealer ("RFED") or futures commission merchant. Pursuant to CFTC Regulation ("Regulation") 5.3(a)(6)(i), to be codified at 17 C.F.R.

§ 5.3(a)(6)(i), in connection with forex transactions, all RFEDs must be registered with the CFTC as of October 18, 2010.

2. Beginning on October 18, 2010 and continuing to the present (the "relevant period"), FIG Solutions Limited, Inc. ("FIG" or "Defendant"), while acting as an RFED, solicits orders from non-ECPs in connection with forex transactions without registering as an RFED with the CFTC in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) and Regulation 5.3(a)(6)(i), respectively, to be codified at 17 C.F.R. § 5.3(a)(6)(i).

3. By virtue of this conduct and the further conduct described herein, Defendant has engaged, is engaging, or is about to engage in acts and practices in violation of the Act, as amended by the CRA, and the Regulations.

4. Accordingly, pursuant to Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2), the Commission brings this action to enjoin Defendant's unlawful acts and practices and to compel their compliance with the Act, as amended by the CRA, and the Regulations and to further enjoin Defendant from engaging in certain commodity or forex-related activity, including, through its website, soliciting customers or offering to be the counterparty to customers' forex transactions, without appropriate registration with the Commission.

5. In addition, the Commission seeks civil monetary penalties and remedial ancillary relief, including, but not limited to, trading and registration bans, disgorgement, rescission, pre- and post-judgment interest, and such other relief as the Court may deem necessary and appropriate.

6. Unless restrained and enjoined by this Court, Defendant likely will continue to engage in the acts and practices alleged in this Complaint and similar acts and practices, as more fully described below.

## II. JURISDICTION AND VENUE

7. Section 6c(a) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(a), authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder.

8. The Commission has jurisdiction over the conduct and transactions at issue in this case pursuant to Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2).

9. Venue properly lies with the Court pursuant to Section 6c(e) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(e), because Defendant transacts business in this District and certain transactions, acts, practices, and courses of business alleged in this Complaint occurred, are occurring, and/or are about to occur within this District.

## III. PARTIES

10. Plaintiff **Commodity Futures Trading Commission** is an independent federal regulatory agency charged with the administration and enforcement of the Act, 7 U.S.C. §§ 1 *et seq.*, and the Regulations thereunder, 17 C.F.R. §§ 1.1 *et seq.* The CFTC maintains an office in this District at Two Emanuel Cleaver II Boulevard, Suite 300, Kansas City, MO 64112.

11. Defendant **FIG Solutions Limited, Inc.** is a Delaware corporation with its principal place of business located at 1521 Concord Pike #301, Wilmington, DE 19803. FIG was incorporated on July 15, 2009.

12. FIG has never been registered with the Commission in any capacity.

## IV. STATUTORY BACKGROUND

13. For the purposes of trading forex, a "retail foreign exchange dealer" is defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1), as any person that is, or offers to be, the counterparty to a retail forex transaction, except for a person described in sub-paragraph (aa), (bb), (cc)(AA), (dd), (ee), or (ff) of Section 2(c)(2)(B)(i)(II) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(B)(i)(II). These exceptions pertain to certain financial institutions, brokers and dealers registered under the Securities Exchange Act of 1934 and associated persons thereof, futures commission merchants and affiliated persons thereof, financial holding companies, and RFEDs registered with the Commission, and do not apply to FIG.

14. An ECP is defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." *See* Section 1a(12)(A)(xi) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a(12)(A)(xi).

## IV. FACTS

15. On October 18, 2010, the Commission enacted new regulations implementing certain provisions of Dodd-Frank and the CRA. For the purposes of forex transactions, the new regulations, among other things, require RFEDs to register with the CFTC.

16.     FIG, through its web site, www.figfx.com, solicits members of the general public who are not ECPs (including non-ECPs found within this District) to trade leveraged forex at FIG.

17.     More specifically, FIG solicits non-ECPs to

a.) "Open a forex trading account today;"

b.) "Trade foreign currencies online;"

c.) "Click here to open an online forex and CFD trading account online instantly;"

d.) "Join thousands of forex traders from 130 countries worldwide;" and

e.) "Take benefit of FIGfx broker's retail forex trading services;"

18.     Further, FIG acts as an RFED when it offers to be the counterparty to retail forex transactions with members of the public. FIG specifically states on its website (emphasis supplied):

> FOREX IS AN OVER THE COUNTER (OTC) MARKET, MEANING THE FOREIGN CURRENCY TRADING YOU ARE ENTERING INTO IS NOT CONDUCTED ON AN EXCHANGE. AS A MARKET MAKER, **FIG Solutions IS THE COUNTERPARTY IN THESE TRANSACTIONS** AND, THEREFORE, ACTS AS THE BUYER WHEN YOU SELL AND THE SELLER WHEN YOU BUY.

19.     On information and belief, the forex transactions FIG engages in neither result in delivery within two days nor create an enforceable obligation to deliver between a seller and a buyer who have the ability to deliver and accept delivery, respectively, in connection with their lines of business. Rather, these forex contracts remain open from day to day and ultimately are offset without anyone making or taking delivery of actual currency (or facing an obligation to do so).

20.     As of the date of filing this complaint, FIG has not registered with the CFTC.

21. Furthermore, FIG is not exempt from registration by virtue of meeting any of the descriptions in sub-paragraph (aa), (bb), (cc)(AA), (dd), (ee), or (ff) of Section 2(c)(2)(B)(i)(II) of the Act.

## V. VIOLATIONS OF THE COMMODITY EXCHANGE ACT

### COUNT ONE:
### VIOLATION OF SECTION 2(c)(2)(C)(iii)(I)(aa) OF THE ACT, AS AMENDED BY THE CRA
### FAILURE TO REGISTER

22. Paragraphs 1 through 21 are realleged and incorporated herein.

23. During the relevant period, FIG, solicited or accepted orders from non-ECPs in connection with forex transactions at an RFED. FIG engaged in this conduct without being registered as an RFED, as required by Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i), all in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

24. Each day that FIG engaged in this conduct since October 18, 2010 is alleged as a separate and distinct violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

### COUNT TWO:
### VIOLATION OF REGULATION 5.3(a)(6)(i)
### FAILURE TO REGISTER AS A RETAIL FOREIGN EXCHANGE DEALER

25. Paragraphs 1 through 21 are realleged and incorporated herein.

26. As set out in Paragraphs 1 through 21, during the relevant period, FIG acted as an RFED, as defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1), and failed to register as an RFED, in violation of Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i).

27. Each day that FIG failed to register as an RFED since October 18, 2010 is alleged as a separate and distinct violation of Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i).

## VI. RELIEF REQUESTED

WHEREFORE, the CFTC respectfully requests that this Court, as authorized by Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1, and pursuant to its own equitable powers, enter:

A. An order finding that FIG violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa);

B. An order finding that FIG violated Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i);

C. An order of permanent injunction prohibiting FIG, and any other person or entity associated with it, from engaging in conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa);

D. An order of permanent injunction prohibiting FIG and any other person or entity associated with it, from engaging in conduct in violation of Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i);

E. An order of permanent injunction prohibiting FIG and any other person or entity associated with it or its website, from operating its website while in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) and Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i);

F.   An order of permanent injunction prohibiting FIG and any successor thereof, from, directly or indirectly;

   1)   Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, as amended by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C. § 1a);

   2)   Entering into any transactions involving futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1)), 17 C.F.R. § 32.1(b)(1) (2010), ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal account or for any account in which they have a direct or indirect interest;

   3)   Having any futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

   4)   Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving futures, options, commodity options, and/or forex contracts;

   5)   Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any futures, options on commodity futures, commodity options, and/or forex contracts;

   6)   Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or

exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

7) Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

G. Enter an order requiring FIG, as well as any successors to it, to disgorge to any officer appointed or directed by the Court all benefits received including, but not limited to, salaries, commissions, loans, fees, revenues, and trading profits derived, directly or indirectly, from acts or practices that constitute violations of the Act, as amended by the CRA, and the Regulations, including pre-judgment interest;

H. Enter an order directing FIG and any successors thereof, to rescind, pursuant to such procedures as the Court may order, all contracts and agreements, whether implied or express, entered into between it and any of the customers whose funds were received by it as a result of the acts and practices, which constituted violations of the Act, as amended by the CRA, and the Regulations as described herein;

I. Enter an order requiring FIG to pay civil monetary penalties under the Act, to be assessed by the Court, in amounts of not more than the higher of: (1) triple the monetary gain to FIG for each violation of the Act, as amended by the CRA, and the Regulations; or (2) $140,000 for each violation committed on or after October 23, 2008;

J. Enter an order requiring FIG to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) (2006); and

K.  Enter an Order providing such other and further relief as this Court may deem necessary and appropriate under the circumstances.

Respectfully submitted,

PLAINTIFF COMMODITY FUTURES TRADING COMMISSION


/s/ Jennifer J. Chapin

Jennifer J. Chapin, MO Bar #50554
Jeff Le Riche, MO Bar #46557
United States Commodity Futures Trading Commission
Division of Enforcement
Two Emanuel Cleaver II Blvd.
Suite 300
Kansas City, MO 64112
Telephone: (816) 960-7746 (Chapin)
Telephone: (816) 960-7745 (Le Riche)
Fax: (816) 960-7750
jchapin@cftc.gov
jleriche@cftc.gov